UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Paul, #50382-004,<br><br>     Petitioner,<br><br>vs.<br><br>John J. Lamanna,<br><br>     Respondent. | C/A No. 9:06-190-RBH-GCK<br><br>Report and Recommendation |



A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner was convicted on drug trafficking conspiracy charges in the United States District Court for the Southern District of Florida in 1998. He was sentenced to serve 248 months in federal prison, and it is that sentence that he is currently serving at FCI-Edgefield in Edgefield, South Carolina. In 2000, his conviction and sentence were affirmed on direct appeal to the United States Court of Appeals for the Eleventh Circuit. According to Petitioner's allegations, he filed a § 2255 motion in the sentencing court at some undisclosed point thereafter, and the motion was denied. Petitioner does not allege that he filed any request with the Eleventh Circuit to file a second § 2255 motion prior to filing the Petition in this case.

In this case, Petitioner alleges that his sentence should be vacated by this Court because it violates his constitutional rights since the sentencing court applied the federal sentencing guidelines in his case and relied on certain facts in that application that were

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

not submitted to a jury and found beyond a reasonable doubt. In support of this contention, Petitioner primarily relies on the holdings in several United States Supreme Court decisions that were handed down by the Court after Petitioner's conviction and sentence became final. See United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004) Apprendi v. New Jersey, 530 U.S. 466 (2000).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).



This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## DISCUSSION

The threshold question in this case is whether Petitioner's Booker claim is properly raised in this Court through a § 2241 habeas petition. [2] Typically, § 2241 is used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).

Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence *only* if he can satisfy the mandates of the so-called § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy

---

[2] Because Booker directly addressed the federal sentencing guidelines while Apprendi and Blakely arose from challenges to state court sentencing procedures, Petitioner's argument against his federal sentence is properly referred to as a "Booker claim."

3

is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is settled in this circuit that the possibility that a second § 2255 petition filed by a prisoner might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. See In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(en banc).[3]

Here, it is clear that Petitioner's claim goes directly to the underlying validity of his sentence, not to the execution of the sentence.[4] Thus, in absence of operation of the § 2255 savings clause, this claim is not properly made in a § 2241 petition. In this case, Petitioner attempts to argue that the § 2255 remedy is inadequate and ineffective in his case because, according to Petitioner, he has been so far unable to raise his Booker challenge with the sentencing court apparently because his initial § 2255 motion was filed and considered before Booker was decided. He claims that he should be now be given the opportunity to assert in this Court that the sentencing process used by the Southern District of Florida in his case in 1998 violated his constitutional rights because seven years later the United States Court said that different fact-finding procedures should be used in apply the federal sentencing guidelines. However, as stated above, it does not appear that Petitioner has availed himself of the opportunity to request permission from the

---

[3] See also In re Jones, 226 F.3d at 333. Accord Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Tanksley v. Warden, 2000 WL 1140751(6th Cir., Aug 08, 2000) (unpublished opinion); Ward v. Snyder, 2000 WL 1871725 (6th Cir., Dec 12, 2000)(unpublished opinion); Gonzales v. Snyder, 2000 WL 636908 (8th Cir., May 18, 2000)(same); Elzie v. Pugh,1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); Onaghise v. Bailey, 1999 WL 613461 (9th Cir., Aug 12, 1999)(same).

[4] This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." See Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see also Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

4

Eleventh Circuit to file a second § 2255 motion. See 28 U.S.C. § 2244. As a result, Petitioner cannot, in good faith, claim that the § 2255 remedy is "inadequate or ineffective" in his case because he has failed to pursue his Booker sentencing claim through available procedural channels. Section 2255, coupled with 28 U.S.C. § 2244, provides a mechanism under which a prisoner who has previously filed an unsuccessful § 2255 motion may, under specific circumstances, later obtain permission to file a second § 2255 from the Court of Appeals for the circuit in which the sentencing court sits.[5] Before filing this § 2241 Petition, Petitioner should have requested permission from the Eleventh Circuit to file another § 2255 motion in order to properly raise his claim. See In Re Vial, 115 F.3d at 1194-98



---

[5]28 U.S.C. § 2255 in pertinent part provides:

A second or successive motion must be certified *as provided in section 2244* by a panel of the appropriate court of appeals to contain--
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.
(emphasis added)

28 U.S.C.A. § 2244(3)-(4), in turn, provides:

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

(a state or federal prisoner must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 when he/she raises points based on recent cases allegedly effecting a change of law).

Regardless of Petitioner's failure to seek permission to file a second § 2255, however, it is clear that even if this Court were to consider the merits of his Booker claim through this § 2241 case, the case would still be subject to summary dismissal because the weight of existing authority throughout the country indicates that Booker cannot be used to invalidate a sentence, as here, that became final before Booker was even decided. Although the Supreme Court's Booker opinion is actually silent on the issue of retroactivity, rejecting arguments such as those contained in Petitioner's Memorandum, the Fourth Circuit Court of Appeals has recently joined with the majority of other courts that have considered the issue in holding that Booker may NOT be applied retroactively to cases on collateral review.[6] See U. S. v. Morris, 429 F.3d 65 (4th Cir. 2005)("The rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the Booker case is not available for post-conviction relief for federal prisoners, like Morris, whose convictions became final before Booker was decided."). As a result, it is clear that Petitioner's claim, even if considered under § 2241, does not provide a basis for habeas relief in this case.

Since the challenge to the validity of his sentence that Petitioner seeks to raise in

---

[6] Other federal courts have also made such rulings. See, e.g., U.S. v. Price, 400 F.3d 844 (10th Cir. 2005)(2255); Varela v. U.S., 400 F.3d 864 (11th Cir. 2005)(2255); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005)(2254); In re Anderson, 396 F.3d 1336(11th Cir. 2005)(Booker not a ground for successive 2255); In re Dean, 375 F.3d 1287(11th Cir. 2004)(same; Blakely); Lindsey v. Jeter, 2005 WL 550380 (N.D. Tex., Mar. 08, 2005)(2241); Thomas v. Jeter, NO. CIV.A. 4:04-CV-801-Y, 2005 WL 623503 (N.D.Tex., Mar. 16, 2005)(2241).

6

this case is cognizable, if at all, under 28 U.S.C. § 2255, Petitioner's available judicial remedy is to seek leave to file a successive petition from the United States Court of Appeals for the Eleventh Circuit. Petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia.

### RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

January 30, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**

8

Charleston, South Carolina 29402